# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

REGINA NORMAN,

    Petitioner,

v.                                              Civil Action No. 3:12cv117
                                                   (Judge Groh)

TERRY O'BRIEN,

    Respondent.

## PRELIMINARY REPORT AND RECOMMENDATION
## AND ORDER TO SHOW CAUSE

On July 24, 2012 petitioner, an inmate at Hazelton SFF, filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 through counsel, in the Southern District of New York, along with payment of the filing fee. By Order entered September 28, 2012, the case was transferred to this district. On October 3, 2012, counsel filed a motion for admission *pro hac vice*, and on October 29, 2012, local counsel filed a motion to waive the *pro hac vice* admission fees. By separate Orders entered on October 31, 2012, both *pro hac vice* motions were granted.

This case is before the Court for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §2243.

## I. Claims of the Petition

In the petition, petitioner asserts the following grounds for relief:

1) she has been denied the appropriate medical care and diet for her chronic gastrointestinal condition;

2) she has been denied proper psychiatric care;

3) the Bureau of Prisons ("BOP") has refused to place her in a bottom bunk, which she contends she needs because of a history of vertigo, fainting, and a previously surgically-fused disc in her back;

4) she has been denied credit for federal time served in state custody; and

5) her administrative remedy forms challenging the denial of credit for time served and her condition of confinement claims have all been ignored, as have the letters she wrote to the Grand Prairie's Computation Department and the BOP's North East office about the denial of credit for time served.

As relief, she seeks recalculation of her credit for time served in federal custody not applicable to her state offenses, and transfer to a medical facility in the northeastern United States, or to the women's prison in Danbury, Connecticut, so that she can receive proper care.

## II. Analysis

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, a challenge related to the calculation of a prisoner's sentence is properly brought under § 2241 because it affects the length of his or her confinement. Id. at 487. However, constitutional claims are clearly civil in nature, and in and of themselves do not affect the length of petitioner's sentence. Therefore, those claims are not properly raised pursuant to 28 U.S.C. § 2241. Id. Instead, constitutional claims should be raised by way of a civil rights complaint and be subject to the $350 filing fee required for such cases.

Here, Petitioner's ground four claim that the BOP has denied her credit for time served in federal custody after she completed her state sentence is cognizable on federal habeas review because it affects the length of her sentence. However, Petitioner's grounds one, two, three, and five claims related to the denial of proper medical and psychiatric treatment; improper diet for her medical condition; denial of a bottom bunk; and the processing of administrative remedy forms are civil claims that do not affect the fact or duration of confinement. Thus, those claims are not properly raised pursuant to § 2241.

### III.  Recommendation

For the foregoing reasons, the undersigned recommends that petitioner's claims regarding the conditions of her confinement, found in ground one, two, three and five of the petition, be **DISMISSED WITHOUT PREJUDICE** to her right to raise those issues in a civil rights complaint.  However, the undersigned recommends that Petitioner's ground four claim, involving the denial of credit for time served in federal custody after her state sentence was satisfied, be **SERVED** upon the Respondent and that the Respondent be directed to show cause why the writ should not be granted as to that ground.

Accordingly, the Warden shall have **twenty-eight (28) days from the date of this Order**, or until **November 28, 2012**, to show cause why the writ should not be granted. **Petitioner has twenty-eight (28) days** from the date a response is filed, **or by December 26, 21012, to file any reply** she may have, and said **reply shall not exceed 25 pages** without the prior consent of the Court.

The Clerk is directed to send an electronic copy of this Report and Recommendation and Order to Show Cause to counsel for petitioner electronically, and the Clerk is further directed to add Assistant United States Attorney Helen Altmeyer, P.O. Box 591, Wheeling, WV 26003, as counsel for the respondent, and send her an electronic copy of this Report and Recommendation and Order.

IT IS SO ORDERED.

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by November 15, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the United States District Judge.

**Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: October 31, 2012

/s/ James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**