# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**REGINA NORMAN,**

    **Petitioner,**

v.                                       **Civil Action No. 3:12cv117**
                                                  **(Judge Groh)**

**TERRY O'BRIEN,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On July 24, 2012 petitioner, an inmate at Hazelton SFF, filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 through counsel, in the Southern District of New York, and paid the required filing fee. In the petition, the petitioner challenges a denial of credit for time served in federal custody after her state sentence was satisfied and alleges several violations of her constitutional rights.

By Order entered September 28, 2012, the case was transferred to this district. On October 3, 2012, counsel filed a motion for admission *pro hac vice* (Dkt.# 12), and on October 29, 2012, local counsel filed a motion to waive the *pro hac vice* admission fees. (Dkt.# 14). By separate Orders entered on October 31, 2012, both *pro hac vice* motions were granted. (Dkt.# 15 and 16).

On October 31, 2012, a Preliminary Report and Recommendation was entered, recommending that petitioner's civil rights claims as stated in Grounds One, Two, Three and Five be dismissed without prejudice to be raised separately in a civil rights complaint,[1] but that the respondent be ordered to show cause as to why the writ should not be granted as to

---

[1] As of the date of this Report and Recommendation, neither party has filed any objections to the Preliminary Report and Recommendation.

1

petitioner's remaining Ground Four claim regarding denial of credit for time served in federal custody after her state sentence was satisfied.[2] (Dkt.# 17).

On November 8, 2012, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment with a memorandum in support, contending that petitioner had already been granted the credit on her sentence and therefore, her one pending claim had been rendered moot. (Dkt.# 18 and 19).

---

[2] Petitioner, a federal inmate currently incarcerated at Hazelton SFF, is serving a 14-month term of imprisonment with 18 months of supervised release, imposed on January 5, 2011, in the Southern District of New York, for an admitted violation of supervised release having committed petit larceny in Bronx County, New York. At the time she filed her petition, her projected release date was February 26, 2013. (Dkt.# 1 at 25).
    On April 26, 2011, while on federal supervised release, petitioner was arrested in Bronx County, New York and charged with petit larceny. (Dkt.# 1, ¶5 at 13). On May 16, 2011, she was arrested and arraigned in New York County, New York, on similar charges. (Id.).
    In June, 2011, she was transferred from state custody to federal custody on a writ, to be charged with the violation of supervised release. (Dkt.# 1, ¶6 at 13). She remained in federal custody, housed at the Metropolitan Correction Center, until approximately January 6, 2012. (Id.). During this time, she was earning credit on her pending, not-yet-imposed state sentences. (Dkt.# 1, ¶6 at 13).
    On July 13, 2011, she pled guilty to the New York County state charges. (Id.). On September 27, 2011, she pled guilty to the Bronx County state charges. (Dkt.# 1, ¶5 at 12).
    On October 3, 2011, she appeared in U.S. District Court for the Southern District of New York, to plead guilty on the violation of supervised release, receiving the instant 14-month sentence. (Dkt.# 1, ¶7 at 13). Immediately after sentencing in federal court, she was transferred back to state custody. (Dkt.# 1, ¶7 at 13).
    On February 7, 2012, she was sentenced in state court to one year of incarceration on the New York County charges. (Dkt.# 1, ¶5 at 12). On February 16, 2012, she was sentenced in state court on the Bronx County charges, receiving another one-year sentence, to run concurrently with the one-year sentence already received on the New York County charges. (Dkt.#1, ¶5, at 12-13). However, by the time she was sentenced on the two state charges, she had already completed her state sentence(s) (on January 16, 2012), because state prisoners only serve eight months of a one-year sentence, and she had been in custody on the state cases since April 26, 2011. (Dkt.# 1, ¶¶7 - 8 at 13 – 14). Despite that, she was not returned to federal custody to begin serving her previously-imposed sentence on the violation of supervised release until February 22, 2012. (Dkt.# 1, ¶ at 14).
    On February 28, 2012, the Federal Bureau of Prisons ("BOP") prepared petitioner's sentence computation, beginning the computation of her 14-month term of imprisonment at February 22, 2012, with no prior custody credit for the time spent at Rikers Island, awaiting transfer into federal custody, between December 26, 2011 and February 22, 2012. (Dkt.#1, ¶ 8 at 14).

On November 13, 2012, through counsel, petitioner filed her reply, conceding that the BOP has awarded her the credit she seeks by recalculating her federal sentence, and agreeing with respondent that she has already received the appropriate relief and that her §2241 action should be dismissed with prejudice as moot. (Dkt.# 20).

In petitioner's only remaining claim in her §2241 petition, she contends that she should be granted prior custody credit toward her federal sentence for a violation of supervised release from December 26, 2011, to February 22, 2012, for time she served in state custody.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In the petition, the petitioner seeks credit on her federal sentence for time served in state custody after the imposition of her federal sentence. After the filing of the petition, the BOP has reviewed the petitioner's sentence computation, and has recalculated her sentence. In her reply to the respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment, the petitioner admits that such recalculation credits her sentence in the manner in which she requested in her petition. (Dkt.# 20).

Thus, it appears that there is no viable legal issue left for the court to resolve. That being the case, the respondent's motion to dismiss or for summary judgment (Dkt.# 18) should be **GRANTED** and petitioner's only remaining claim, Ground Four in her § 2241 petition (Dkt.# 1) should be **DISMISSED** from the active docket of this Court..

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by November 28, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: November 14, 2012

/s/ James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**